

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2006

# Quinn v. Palakovich

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2182

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Quinn v. Palakovich" (2006). *2006 Decisions.* Paper 232.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/232

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-32                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2182
_____

PHILLIP QUINN,

Appellant

v.

JOHN PALAKOVICH, Superintendent; DOCTOR LONG, M.D.;
DOCTOR BERGOVKAYA, M.D.; DOCTOR BERGER,
Orthopedic Specialist; GEORGE WEAVER, Health Care
Administrator; CRAIG HOFFMAN, Physician Assistant; RAYMOND
ANDREWS, Physician Assistant; VERONICA FINKLE, Culinary
Staff Supervisor; RAYMOND MOORE, Culinary Staff-Coordinator;
JOHN DOE EVERHEART, Culinary Staff Coordinator; JOHN DOE,
Officer Sergeant of (I) Block Cell Unit

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ No. 04-cv-01894)
District Judge:  Honorable William J. Nealon

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 26, 2006

Before: SLOVITER, CHAGARES AND NYGAARD, CIRCUIT JUDGES

(Filed: November 7, 2006 )

_____

OPINION

_____

PER CURIAM

Phillip Quinn appeals following entry of orders by the United States District Court for the Middle District of Pennsylvania granting summary judgment in favor the defendants.[1]  We will affirm the District Court's orders.

I.

According to Quinn's complaint, he was injured while working in the prison kitchen when he slipped on a greasy liquid substance on the floor which was leaking from an oven that was in disrepair.  Quinn also says that he received inadequate medical treatment for his injury.  Quinn sued several of the individuals involved in his medical treatment at SCI-Smithfield (Medical Defendants), as well as several prison officials (Corrections Defendants), claiming that (1) that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, (2) the defendants failed to provide a safe environment for him in violation of the Eighth Amendment, (3) the defendants were negligent in their behavior, and (4) the defendants intentionally inflicted emotional distress upon him.

_____

[1]Quinn also appeals an earlier order granting a motion to dismiss with regard to two defendants, Superintendent John A. Palakovich and Health Care Administrator George Weaver, who were sued solely upon a theory of *respondeat superior*.

The Corrections Defendants filed a motion to dismiss, which was granted in part and denied in part. In its May 6, 2005, order the District Court dismissed the suit with regard to two of the defendants who had no direct contact or involvement with Quinn, and also dismissed the state law negligence and emotional distress claims on the basis of sovereign immunity. The District Court allowed the action to continue on the failure to protect grounds. After a period of discovery, the remaining Corrections Defendants and the Medical Defendants filed motions for summary judgment. The District Court adopted the recommendation of the magistrate judge, and granted summary judgment to both sets of defendants. Specifically, the District Court concluded that (1) Quinn's Eighth Amendment claim against the Corrections Defendants for failure to protect him from the dangers of a leaking oven was not exhausted, and, even if exhausted, the claim was without merit, (2) there was no deliberate indifference on the part of medical personnel who treated him, (3) Quinn had not presented the required expert testimony in support of his state law medical malpractice claim, and (4) Quinn did not provide any support for his intentional infliction of emotional distress claim. Quinn had also filed a motion seeking a preliminary injunction, which was denied in the same order.

Quinn appealed the District Court's order and filed a motion for appointment of counsel in this Court.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 1292(a)(1), and we

exercise plenary review over the decision to grant summary judgment. See Torres v. Fauver, 292 F.3d 141, 145 (3d Cir. 2002).[2] We must determine whether the record, when viewed in the light most favorable to Quinn, shows that there is no genuine issue of material fact and that the defendants were entitled to judgment as a matter of law. See id.; Fed. R. Civ. P. 56. We can affirm the District Court's order on any ground supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

In order for Quinn to prevail on his Eighth Amendment failure-to-protect claim under 42 U.S.C. § 1983, Quinn must show that (1) he is incarcerated under conditions posing a substantial risk of serious harm, and (2) the prison officials involved had a sufficiently culpable state of mind, or knew of and disregarded an excessive risk to his health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997). To the extent that Quinn's allegations can be considered a conditions-of-confinement claim, "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citation omitted). In addition, under 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies before bringing a civil rights action concerning prison

[2] With regard to the decision to deny Quinn's motion for preliminary injunction, the District Court's findings of fact are reviewed for clear error, its conclusions of law are evaluated under a plenary standard, and the decision whether to grant the preliminary injunction is reviewed for abuse of discretion. See Rogers v. Corbett, 460 F.3d 455, 459 (3d Cir. 2006).

conditions, regardless of whether those remedies can provide the inmate with the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001). We have interpreted this provision to require not only that an inmate has no further process available to him, but also that the inmate has engaged in "proper exhaustion," that is, the inmate has timely sought relief at every level available to him. Spruill v. Gillis, 372 F.3d 218, 227-30 (3d Cir. 2004). Pennsylvania has a three-tier grievance system in which the inmate must first file his grievance within fifteen days of the event on which the claim is based. See id. at 234.

Quinn did not exhaust his failure-to-protect claim. Although he did file a grievance concerning the treatment he was receiving for his injury, it did not mention a problem with the oven, or any unsafe conditions in the kitchen. Quinn contends that, because the initial grievance includes an explanation that he injured himself when he slipped and fell while working in the kitchen area, it is sufficient to serve as a grievance covering both his medical and failure-to-protect Eighth Amendment claims. After reviewing this grievance, and the others submitted by Quinn, we must disagree. The brief language about Quinn's slip-and-fall in the kitchen serves only to describe the location of his injury to the personnel receiving his grievance about his medical treatment. Quinn's grievances provide no notice of a failure-to-protect claim against the Corrections Defendants, and thus are insufficient to exhaust that claim.

In order for Quinn to prevail on his Eighth Amendment claim regarding his

medical treatment, Quinn must show that prison officials were deliberately indifferent to a serious medical need. See Estelle v. Gamble, 429 U.S. 97 (1976). Allegations of negligent treatment are medical malpractice claims, and do not trigger constitutional protections. Id. at 105-06. Disagreements over medical judgment or treatment cannot form the basis of an Eighth Amendment claim. See White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

Though Quinn has clearly endured significant hardship, his allegations do not amount to deliberate indifference. Rather, the record demonstrates the amount of medical attention he received from the defendants. Quinn was first treated on April 16, 2003, the day he was injured. Over approximately a two-year period, Quinn was seen at least 59 times to treat his injury. In the course of his treatment, he saw the prison's doctor, a contract orthopedic surgeon, and eventually a neurosurgeon. Quinn's medical treatment included numerous medical examinations, multiple x-rays, ice and an ace bandage wrap, steroid injections, physical limitation orders, and medication, including at least seven different prescription medications. In light of this significant amount of medical treatment, Quinn cannot – and does not – contend that the defendants failed to provide medical care in response to his complaints. Instead, he claims that he did not receive a surgical procedure needed to remove a bone fragment, resulting in pain and suffering. Quinn also claims that the lack of surgery caused irreparable muscle and nerve damage. More recently, he claims that the defendants did not provide the MRI which

6

was necessary to diagnose him soon enough, and that his injury is now beyond repair.

Though Quinn clearly disagrees with the treatment defendants provided, and perhaps also with their diagnosis, that disagreement does not articulate a claim. None of the doctors treating Quinn ever recommended that he have surgery; in fact, both the orthopedic surgeon and the neurosurgeon considered the possibility of surgical treatment, and concluded that surgery was not indicated. Quinn's other contentions are not bolstered by the documentation of his more recent treatment by the neurosurgeon, and lack support elsewhere in the record. It appears that the defendants continue to facilitate Quinn's care by the neurosurgeon, including testing and evaluating potential future treatments. In sum, the District Court rightly concluded that the Medical Defendants are entitled to summary judgment on Quinn's Eighth Amendment claim.

In addition, the District Court correctly determined, for the reasons stated in the memorandum accompanying the order, that Quinn had not presented sufficient evidence to raise a genuine issue of material fact with regard to his state law medical negligence and intentional infliction of emotional distress claims. Finally, we agree with the District Court that Quinn failed to show he was entitled to injunctive relief. See Rogers v. Corbett, 460 F.3d at 459 (party seeking a preliminary injunction must show a likelihood of success on the merits).

Accordingly, we will affirm the judgment of the District Court. The motion for appointment of counsel is denied.